# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOANNE POTZKO,

     **Plaintiff,**

**v.**                                       **Case No.**

**THE BALDWIN GROUP SOUTHWEST, LLC**
**f/k/a BRP COLLEAGUES INC.**
     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Joanne Potzko** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **The Baldwin Group Southwest, LLC f/k/a BRP Colleagues Inc.** ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act ("Title VII"), the Florida Civil Rights Act ("FCRA") Fla. Stat. §760.01 *et seq.*, and the Age Discrimination in Employment Act ("ADEA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of the State of Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII, the FCRA, and the ADEA.

10. At all times material hereto, Defendant was an "employer" within meaning of Title VII, the FCRA, and the ADEA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff worked for Defendant from on or about December 1, 2021 until her unlawful termination on or about February 27, 2023.

13. At the time of her termination, Plaintiff held the position of Accounting Manager.

14. Plaintiff is a Female and was 56 years of age at the time of her termination.

15. Plaintiff was one the oldest, if not the oldest, female employee in her department.

16. Plaintiff was a diligent and hardworking employee.

17. Plaintiff was subjected to disparate treatment and a hostile work environment by Defendant on account of her sex and age.

18. During her entire tenure with Defendant, Plaintiff was never coached and disciplined for any performance or behavioral issues.

19. Plaintiff's supervisor (female, younger than Plaintiff) began to show favoritism toward a younger, male colleague of Plaintiff.

20. For example, Plaintiff's supervisor often went out of her way to make glowing compliments about the younger male employee's skills with Microsoft Excel and other software.

21. However, the younger male employee did not possess the same experience or accounting skills as Plaintiff.

22. Despite his lack of accounting acumen, Plaintiff's supervisor always gave praise to the male employee while neglecting to praise, and at times even nitpicking Plaintiff.

23. The male employee had substantially less education and experience than Plaintiff but was treated more favorably than Plaintiff.

24. Plaintiff complained that she felt the male employee was receiving deferential treatment and that she was being treated in a disparate manner.

25. On or around February 27, 2023, Defendant terminated Plaintiff's employment under pretext.

26. Plaintiff was terminated for an alleged infraction that similarly situated employees have committed without being terminated.

27. Upon information and belief, the younger male employee took on a significant portion of Plaintiff's responsibilities after her termination.

28. Clearly, Defendant treats male employees and younger employees more favorably when it comes to applying company policies in the workplace.

29. Defendant chose to take adverse employment action against Plaintiff by retaliating against her for engaging in protected activity under Title VII, the FCRA, and the ADEA.

30. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII, the FCRA, and the ADEA.

31. Defendant's reason for terminating Plaintiff is pretext.

## COUNT I – FCRA VIOLATION (DISCRIMINATION)

32.    Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.    Plaintiff is a member of a protected class under the FCRA.

34.    Plaintiff was subjected to disparate treatment.

35.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

36.    Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a)    Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c)    Award back pay to Plaintiff plus interest and all benefits;

(d)    Award liquidated damages to Plaintiff;

(e)    Award reasonable attorney's fees and costs to Plaintiff; and

(f)    Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

37.    Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

38.    Plaintiff is a member of a protected class under the FCRA

39. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

40. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

41. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    (a)    Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

    (b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c)    Award back pay to Plaintiff plus interest and all benefits;

    (d)    Award liquidated damages to Plaintiff;

    (e)    Award reasonable attorney's fees and costs to Plaintiff; and

    (f)    Additional relief to which Plaintiff is entitled, including equitable relief.

### COUNT III — TITLE VII VIOLATIONS
### (SEX DISCRIMINATION)

42. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

43. Plaintiff is a member of a protected class based on Plaintiff's sex.

44. Plaintiff was subjected to disparate treatment by Defendant based on Plaintiff's sex, including being subjected to less favorable terms, conditions and privileges of employment as male employees, and discharged from her employment.

45.     Defendant's actions were willful and done with malice.

46.     Plaintiff was injured due to Defendant's violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a)  A jury trial on all issues so triable;

    (b)  That process issues and that this Court take jurisdiction over the case;

    (c)  An injunction restraining continued violation of law enumerated herein;

    (d)  Compensation for lost wages, benefits, and other remuneration;

    (e)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    (f)  Compensatory damages, including emotional distress, allowable at law;

    (g)  Punitive damages;

    (h)  Prejudgment interest on all monetary recovery obtained;

    (i)  All costs and attorney's fees incurred in prosecuting these claims; and

    (j)  For such further relief as the Court deems just and equitable.

**COUNT IV—TITLE VII VIOLATION**
**(RETALIATION)**

47.     Plaintiff re-alleges and re-adopts paragraphs 1 through 31 of this Complaint as if fully set forth herein.

48.     The foregoing actions of Defendant constitute retaliation against Plaintiff based upon Plaintiff's protected activities in violation of Title VII.

49.     Defendant's actions were willful and done with malice.

50.     The retaliation described herein was based on Plaintiff's exercise of rights protected by law to resist and oppose unlawful discrimination and/or harassment.

51. Plaintiff was injured due to Defendant's violations of Title VII, including but not limited to losing her job, to which Plaintiff is entitled to legal and injunctive relief.

52. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE**, Plaintiff demands:

(a) An injunction restraining continued violation of Title VII;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## <u>COUNT V — ADEA VIOLATION</u>
## <u>(DISCRIMINATION)</u>

53. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

54. Plaintiff is a member of a protected class under the ADEA.

55. Plaintiff was subjected to disparate treatment.

56. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

57. Defendant's actions were willful and done with malice.

58. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT VI — ADEA VIOLATION
### (RETALIATION)

59. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

60. Plaintiff is a member of a protected class under the ADEA.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating her employment.

62. Defendant's actions were willful and done with malice.

63. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 18th day of July 2024.

Respectfully submitted,

*s/ Samuel Doxsee*
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**